IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| Fredrick Goings (#M-36022), | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | Case No. 18 C 7218 |
| v. | ) | | |
| | ) | | Hon. Marvin E. Aspen |
| Jacob, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Fredrick Goings, a state prisoner, alleges Defendants Edward Jacob and Marcin Les wrongfully denied him Due Process during an adjustment committee hearing on July 3, 2018, concerning two offender disciplinary reports while being housed at Stateville Correctional Center. Before the Court is Defendants' motion for summary judgment arguing that Plaintiff's Due Process rights were not violated based on the evidence in the record (Dkt. 118), to which Plaintiff has responded (Dkt. 137). For the reasons stated below, Defendants' motion (Dkt. 118) is granted.

**I. Summary Judgement Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## II. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time

combing the record to locate the relevant information, in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." LR 56.1(b)(3). Material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. *Smith*, 321 F.3d at 683. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 119.) Consistent with the local rules, Defendants also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 121.)

3

Plaintiff submitted a response to Defendants' motion for summary judgment (Dkt. 137). Plaintiff did not submit a response to Defendants' statements of fact, so they are deemed admitted. Plaintiff's response sets forth his arguments in opposition to the motion for summary judgment and citations to certain records, including documents related to the fact that he is a member of the Illinois Bar (suspended); documents related to his post-conviction proceedings in state court, related to his underlying state conviction; and the order of the Illinois Supreme Court, suspending him from practicing law until further order of the court.

While Plaintiff submitted a response that could be construed as additional statements of fact in support of his opposition to the motions for summary judgment, they do not comply with Local Rule 56.1 in several ways. Local Rule 56. 1(b)(3)(c) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008). Additionally, the additional statements of fact are limited by the rule to forty. L.R. 56.1 (d) (5). Plaintiff submitted 68 proposed statements of fact that are largely immaterial (relating for instance to his underlying state criminal conviction and post-convictions proceedings that have nothing to do with the question of whether he was afforded Due Process by Defendants at the Adjustment Committee hearing on July 3, 2018). Plaintiff cites to the record only four times in his statements of fact (Dkt. 137, Pl. SOF ¶¶ 40-43 and 46).

Additionally, many of Plaintiff's statements of fact are argumentative. For instance, in paragraph 11, Plaintiff takes issue with the fact that many of his misjoined claims were dismissed in earlier complaints in this case, pursuant to Fed. R. Civ. P. 18 and 20 and *George v. Smith,* 507

4

F.3d 605, 607 (7th Cir. 2007).[1] The Court, however, need not consider factual assertions that conflict with prior, sworn testimony, as well as hearsay statements, legal arguments and conclusions set forth as "facts," any declaration that speculates as to other people's mindsets, and statements concerning matters about which only an expert could properly testify. *See Jones v. DeJoy*, No. 18 CV 1213, 2020 U.S. Dist. LEXIS 213569, 2020 WL 6716218, at *1-2 (N.D. Ill. Nov. 16, 2020) (striking offending portions of Rule 56.1 statements that were "riddled with argument, unsupported assertions, and in some cases factual allegations beyond those set forth in the paragraph to which [plaintiff] was responding"); *Campbell v. City of Chi.*, No. 16 CV 6000, 2018 U.S. Dist. LEXIS 166119, 2018 WL 4637377, at *1 (N.D. Ill. Sep. 27, 2018) ("Purely argumentative denials, legal conclusions, and unsupported general denials do not belong in Local Rule 56.1 statements.").

With the above discussion in mind, the facts below are taken from the Defendants' Local Rule 56.1 statements of material facts, Plaintiff's response to the motion, including the documents submitted by Plaintiff, and any arguments made in Defendants' reply brief (Dkt. 145), and Defendants' response to Plaintiff's submitted statement of facts (Dkt. 146.) The Court accepts as true any undisputed statements of fact from the parties' statements. Where the parties' statements are properly supported by the cited materials and are not otherwise disputed by the evidence raised by the opposing party, the Court considers those statements as undisputed. *See* LR 56.1(e)(3).

---

[1] The Court has entered many orders in Plaintiff's various cases informing Plaintiff of the rules governing proper joinder (Fed. R. Civ. P. 18 and 20) and *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Due to Plaintiff's problematic pleading style (Plaintiff's first amended complaint in this case (Dkt. 13) was 112 pages long (all pleading), asserted claims against 28 named and several unnamed Defendants styled as 64 separate counts, which by the Court's estimation contained no fewer than 12 separate and misjoined claims covering almost every aspect of prison life, the Court chose not to sever the claims and open new suits so as not to expose Plaintiff to the irrevocable obligation of paying the filing fees in as many as twelve suits. Instead, the Court dismissed the amended complaint without prejudice, instructed Plaintiff that he had to pick his claims, and explained proper joinder. Plaintiff subsequently was allowed to proceed on his chosen claim in this case and chose to file four additional suits Cases No. 19 C 3102, 19 C 4745, 19 C 5552, and 20 C 1454.

The Court has carefully examined each response submitted by the parties for relevancy, evidentiary support, and admissibility in construing the facts of this case and gives deference to Plaintiff's version of the facts where they are properly presented and supported by admissible evidence. The Court will not consider purely legal arguments, responses lacking evidentiary support, or responses that are inconsistent with deposition testimony.

### III. Facts

Plaintiff Frederick Goings ("Plaintiff") is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). (See Def. SOF, Doc. 119, ¶ 1.) Plaintiff was housed at Stateville Correctional Center ("Stateville") during the relevant time. (*Id*. at ¶ 2.)

Defendant Edward Jacob was a chairperson of the Adjustment Committee at Stateville during the relevant time. (*Id*. at ¶ 3.) Defendant Marcin Les was temporarily assigned as a Correctional Counselor and a member of the Adjustment Committee during the relevant time. (*Id*. at ¶ 4.)

Plaintiff filed his lawsuit against Defendants on October 29, 2018. (*Id*. at ¶ 7.) The operative, Third Amended Complaint was filed on July 9, 2019. (*Id*. at ¶ 8.)

Plaintiff has not earned any "good time" credits since coming into the custody of IDOC. (*Id*. at ¶ 10.) On July 3, 2018, Plaintiff appeared before the Adjustment Committee regarding two disciplinary tickets. (*Id*. at ¶ 11.) Defendant Jacob was the Chairperson of the Adjustment Committee on July 3, 2018. (*Id*. at ¶ 12.) Defendant Les was the second member of the Adjustment Committee on July 3, 2018. (*Id*. at ¶ 13.)

The first disciplinary ticket against Plaintiff heard by the Adjustment Committee on July 3, 2018, was Ticket # 20181441/1-STA. (*Id*. at ¶ 14.) The violations noted in Ticket # 20181441/1-STA were Dangerous Disturbances, Intimidation or Threats, and Insolence. (*Id*. at ¶

15.)  The date these violations occurred was June 24, 2018.  (*Id*. at ¶ 16.)  The Final Summary Report for Ticket # 201801141/1-STA notes the Recommended and Final Disciplinary Action was 1 Month C Grade, 1 Month Segregation, and 1 Month Commissary Restriction.  (*Id*. at ¶ 17.)

The second disciplinary ticket against Plaintiff heard by the Adjustment Committee on July 3, 2018, was Ticket # 201801491/1-STA.  (*Id*. at ¶ 18.)  The violation alleged in Ticket # 201801491/1-STA was Intimidation or Threats.  (*Id*. at ¶ 19.)  The date the alleged violation occurred was June 29, 2018. (*Id*. at ¶ 20.)  The Final Summary Report for Ticket # 201801491/1-STA notes that the Recommended and Final Disciplinary Action was 3 Months C Grade, 3 Months Segregation, and 3 Months Commissary Restriction. (*Id*. at ¶ 21 .)

**IV. Analysis**

Given these facts, Defendants move for summary judgment arguing that Plaintiff was afforded all the process he was due by Defendants Jacob and Les during the adjustment committee hearing on July 3, 2018, and that they are, consequently, entitled to summary judgment.

In order to establish a claim in regard to disciplinary proceedings, a plaintiff must establish facts indicating that (1) there is a protected interest at stake that required due process protections; and (2) the protections were not provided.  *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005).  In determining whether a protected liberty interest arises, courts consider whether the punishment amounted to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 US. 472, 484 (1995).

The record establishes that on July 3, 2018, Plaintiff was convicted of two disciplinary infractions, intimidation or threats/insolence and a second incident involving intimidation or threats.  For the first disciplinary report, Plaintiff was convicted and sentenced to thirty days in segregation and 30 days each of commissary restrictions and demotion to C-Grade.  For the second

infraction, Plaintiff was convicted and sentenced to 3 months in segregation and three months each commissary restrictions and demotion to C-Grade. The Seventh Circuit has ruled on the issue of Due Process in cases involving confinement in segregation for four months and more, finding that, absent a finding that there is some demonstrable atypical hardship it does not implicate a liberty interest requiring procedural due process protections. *See Lekas*, 405 F.3d at 607. Whether a liberty interest is implicated by disciplinary segregation depends on both the time and conditions of confinement, *see Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009), and 135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (no liberty interest in avoiding 182 days' segregation); *see Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (4 months confinement in segregation is not so atypical and significantly harsh that it creates a liberty interest.); *and see Lekas*, 405 F.3d at 612 (noting that 90 days' segregation was "still not so long as to work an atypical and significant hardship").

Additionally, Plaintiff's allegation that he was demoted to C-grade and was subject to commissary and contact visit restriction does not give rise to a protected liberty interest. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in demotion to C-grade status or loss of certain privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136, 123 S. Ct. 2162, 156 L. Ed. 2d 162 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement).

The only attempt Plaintiff makes at establishing atypical hardship occurs in two places in his response to the motion for summary judgment. (Pl. SOF, ¶¶37 and 46.) In those paragraphs Plaintiff makes a laundry list of restrictions imposed on him during his time in segregation without

8

citation to the record and without any evidentiary support on which the Court may make a finding that he suffered from an atypical hardship. However, the Seventh Circuit has held that the restrictions Plaintiff describes in his response, unsupported by citation to the record do not, in and of themselves, constitute atypical hardship. *See Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997); *see also Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). Plaintiff did not present evidence of any other factor, such as harsh conditions in segregation, that made his relatively short stays in segregation an "atypical and significant hardship."

While the Court is cognizant of the Seventh Circuit's ruling that any determination of atypical hardship requires an aggregate assessment of the punishment meted out, *see Kervin v. La Clair Barnes,* 787 F.3d 833, 836 (7th Cir. 2015), the Court also reiterates that Plaintiff, trained as an attorney, failed to properly cite to the record to support his statements of fact in his response and the Court is entitled to enforce strict compliance with Local Rule 56.1. *Wilson v. Kautex, Inc.,* 371 Fed.App'x. 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") Thus, any unsupported statement of restrictions imposed while in segregation are unsupported by the record and do not change the outcome of the motion. Accordingly, the Court finds that Plaintiff has failed to establish a liberty interest or "atypical hardship" in relation to the sentence issued on the two disciplinary reports on July 3, 2018, and that Defendants Jacob and Les are entitled to summary judgment.

### V. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment [118]. The Court enters judgment for Defendants because according to the record, Plaintiff served

9

a relatively short period in segregation and suffered no atypical hardship. This case is closed on the Court's docket.[2]

_____
Honorable Marvin E. Aspen
United States District Judge

Date:  March 7, 2022

---

[2] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).
  Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi)